**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MISCHER, | ) | CASE NO. 1:11cv1201 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CUYAHOGA COUNTY JAIL, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Mark Mischer filed this civil rights action under 42 U.S.C. § 1983 against the Cuyahoga County Jail. In the Complaint, plaintiff alleges he received inadequate medical treatment while being detained at the Cuyahoga County Jail. He seeks monetary relief.

**Background**

In October 2010, plaintiff was arrested and held as a pre-trial detainee in the Cuyahoga County Jail ("Jail"). Plaintiff alleges that, several months after arriving at the Jail, he requested medical treatment for a planter's wart on his left heel, fungus on his right toe, and pain and numbness in his shoulder and arms.

Plaintiff further claims that he informed Jail staff that he was a disabled veteran and had been receiving treatment at the Veterans Administration ("VA") Hospital for his medical issues. He requested that arrangements be made for him to be transported back and forth from the defendant Jail to the VA Hospital to continue his medicine and treatment for his medical problems. Plaintiff's requests for transport were denied. Rather, plaintiff alleges

1

that the only treatment he has been given for his medical problems has been in the form of Ibuprofen. He claims that the Ibuprofen has been insufficiently strong to address the pain he is experiencing. Moreover, he alleges that his medical problems have continued to be untreated since his detainment began in October 2010.[1]

In his Complaint, plaintiff appears to be asserting a claim under the Eighth Amendment for cruel and unusual punishment due to the lack of adequate medical treatment. He seeks unspecified monetary damages to compensate him for his pain and suffering.

**Standard**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a complaint filed by a prisoner proceeding *in forma pauperis* shall be dismissed with prejudice if it (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[2] A complaint is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it "contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim

---

[1] It appears that plaintiff is no longer being detained at the Cuyahoga County Jail.

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

upon which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F.3d at 866. *See also Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). The court must "'construe the complaint in the light most favorable to plaintiff [and] accept all well-pleaded factual allegations as true.'" *Thomas*, 481 F.3d at 437 (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). In addition, pleadings filed by a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers," and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Thomas*, 481 F.3d at 437.

For the reasons stated below, plaintiff's Complaint is dismissed pursuant to § 1915(e).

**Analysis**

The only named defendant in plaintiff's Complaint is the Cuyahoga County Jail. In order to state a claim under § 1983, a plaintiff must show that the alleged violation was committed by a person acting under color of state law. *See Redding v. St. Edward*, 241 F.3d 530, 532 (6th Cir. 2001); *Simescu v. Emmet Cty. Dept. of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). The Cuyahoga County Jail is not a "person" subject to suit under § 1983. *See Watson v. Gill,* 2002 WL 1396900, at *1 (6th Cir. June 26, 2002) (finding that county jail is not a legal entity susceptible to suit under § 1983); *Barnes v. Cuyahoga County Jail*, 2010 WL 148136 (N.D. Ohio Jan. 12, 2010); *Coffey v. Miami County Jail*, 2007 WL 316262, at *2 (S.D. Ohio Jan. 29, 2007); *Green v. Reid*, 2011 WL 282454, at *2 (N.D. Ohio Jan. 26, 2011). Thus, the Court finds that plaintiff's claims against the Cuyahoga County Jail are subject to

dismissal under §1915(e).

To the extent plaintiff's Complaint could be construed as asserting a claim against the governing body of Cuyahoga County, that claim would also lack merit. Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978). Plaintiff's Complaint does not set forth any such allegations that the deprivation of his constitutional rights is the result of a policy or custom of the Cuyahoga County Jail.

Accordingly, plaintiff's Complaint is dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to § 1915(e).

**Conclusion**

For all the foregoing reasons, plaintiff's Complaint is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: September 28, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.